# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

SUSA NASA,                          :
                                    :
            **Plaintiff,**          :
                                    :        NO.  5:10-CV-358 (MTT)
      **VS.**                       :
                                    :
VICTORIA MALONE, *et al.,*          :
                                    :        **Proceedings Under 42 U.S.C. §1983**
            **Defendants.**         :        **Before the U.S. Magistrate Judge**
_____     :

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants J. Fowlkes, Victoria Malone, and Mrs. McCary alleging that Plaintiff Susa Nasa failed to exhaust his available administrative remedies prior to filing suit and provided false answers in the Questionnaire for Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983 submitted with his suit.  Because the record indicates that Plaintiff did not exhaust his administrative remedies, and because Plaintiff's false responses to the Court's questionnaire constitute an abuse of process, it is RECOMMENDED that the Defendants' Motion to Dismiss (Doc. 8) be GRANTED and that this action DISMISSED.

In his Complaint (Doc.1), Plaintiff raises claims about the conditions of his confinement at Georgia Diagnostic and Classification Prison (GDCP).  Plaintiff maintains that Defendants refused to provide him with appropriate meals free of cold cuts, despite a physician's order and knowledge of Plaintiff's allergy to cold cuts.  Plaintiff's Complaint uses the Court's Questionnaire for Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983.  On the questionnaire, Plaintiff represents that he filed an informal grievance related to his claim on August 16, 2010, which Defendants rejected for failure to write within the margins.[1]  Doc. 1, pp. 2-3.  He states that he resubmitted his grievance, written

_____

[1]The documents on record in this case confirm that Plaintiff tends to maximize the use of paper.

1

within the margins, on August 26, 2010, and received no response.  Id., p. 3.  On the same questionnaire, Plaintiff also represents that he has filed no previous lawsuits related to his imprisonment.  Id., p. 2.

### Exhaustion of Administrative Remedies

The record in this case indicates that Plaintiff failed to exhaust his administrative remedies prior to filing suit in this Court.  The Prison Litigation Reform Act (PLRA) mandates that an incarcerated plaintiff must exhaust all of his available administrative remedies before bringing any action under 42 U.S.C. §1983. 42 U.S.C. §1997e(a).  The Eleventh Circuit has made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate.  Alexander v. Hawk, F.3d 1321, 1326 (11th Cir. 1998).

Where, as here, a motion seeking dismissal based on the affirmative defense of failure to exhaust is filed, review of the motion involves a two-step process.  See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008).  The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response.  If they conflict, the court takes the plaintiff's version of the facts as true.  Id.  "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed."  Id.  If the complaint is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion.  Id.  At this second stage of the analysis, it is the defendants' burden to prove that the plaintiff failed to exhaust his available administrative remedies.  Id.

Because the parties have submitted conflicting facts regarding exhaustion, the Court must make findings of facts as required at the second stage of the Turner analysis.  Defendants contend that Plaintiff never filed a corrected grievance after his first informal grievance was rejected.

2

Plaintiff contends, to the contrary, that he filed a corrected informal grievance on August 26, 2010, and never received a response.

The evidence provided by the parties supports Defendants' version of the facts. In their motion, Defendants submitted the affidavit of Grievance Coordinator Xernona Cooper. Doc. 8-2. Defendants also submitted a copy of the statewide grievance procedure guide as an attachment to Cooper's affidavit. Doc. 8-3. Cooper testifies that Plaintiff attempted to file an informal grievance on August 16, 2010, but that grievance was rejected because Plaintiff failed to observe the margins required by Section VI(B)(2) of the statewide grievance procedures. Doc. 8-2, ¶ 10. Attached to Cooper's affidavit is a copy of the August 16 grievance form, which indicates it was returned to Plaintiff on August 24, 2010, marked "Rejected," with two lines drawn apparently where the margins should have been.[2] Doc. 8-5. Cooper testifies that Plaintiff did not attempt to file a corrected informal grievance and did not file any subsequent grievances related to his diet, prior to filing this lawsuit. Doc. 8-2, ¶ 10.

Plaintiff, in response to Defendants' motion, submitted a document that he alleges is the receipt for the corrected informal grievance he claims to have filed on August 26, 2010. Doc. 11-3, p. 2. The document submitted by Plaintiff fails to support his contentions. On its face, the receipt shows that the grievance was submitted to prison officials on August 31, 2010, not on August 26. The receipt indicates that it relates to an incident that occurred on August 26, 2010, not on August 11 as in Plaintiff's original grievance. This document is insufficient to refute the testimony in Cooper's affidavit and the records submitted by Defendants.

---

[2]Plaintiff submitted a document, dated August 24, 2010, stating the reasons for rejection. This document includes a handwritten note stating "can not write in margin or between lines." Doc. 11-3, p. 3. It also includes a handwritten note stating "*Due to the nature of this allegation it will be forwarded to internal affairs # 60987." Id. Defendants have shown that this document is related to a separate grievance filed on August 16, 2010, related to a claim of excessive force.

As an alternative argument, Plaintiff contends that the Defendants improperly failed to notify him that his informal grievance had been rejected until after the period of time during which he could have re-filed a corrected grievance had passed. Doc.11-1, p.2. According to the pertinent provisions of the statewide grievance procedure, Plaintiff's argument lacks merit. The grievance procedure manual, at Section (VI)(B)(12) provides that a prisoner must receive a written response to an informal grievance within ten calendar days of receipt by the prisoner's counselor. In this case, Plaintiff received a response to his grievance on August 24, 2010, eight days after it had been filed.

The documents submitted do not support Plaintiff's argument that he received notice of the rejection after the time had passed for filing a corrected grievance. Plaintiff's informal grievance refers to an incident on August 16, 2010. Pursuant to Section (VI)(B)(5) of the grievance procedure manual, informal grievances "must be filed no later than ten calendar days from the date the offender knew, or should have known, of the facts giving rise to the grievance." Pursuant to this requirement Plaintiff had until August 26, 2010 to prepare and file a properly formatted grievance for the August 16 incident, two days following his receipt of the rejection notice.

The evidence in the record supports a finding that Plaintiff failed to properly exhaust his available administrative remedies prior to filing suit. Because Plaintiff did not comply with the required administrative procedures, his case must be dismissed pursuant to the provisions of the Prison Litigation Reform Act.

## Abuse of Process

This case should also be dismissed because Plaintiff's dishonest answers to questions on the Questionnaire for Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983 amount to an abuse of process. Section II of the Questionnaire is headed <u>PREVIOUS LAWSUITS</u>. In this section, the form asks whether Plaintiff has ever submitted a lawsuit for filing in any federal or state court

dealing with the same facts involved in the present lawsuit or otherwise related to his imprisonment. Doc.1, p.2. Plaintiff indicates on the form that he has not filed any such suits. Id. The next question, meant to be completed only when any previous lawsuits had been filed, asks for details about the cases including the parties names, the court, the docket number, the name of the assigned judge, the date of filing, and, if applicable, certain details about the outcome. In response to the preliminary inquiries, Plaintiff responds with the word "none" and, with respect to outcome, with the phrase "no other cases."

These responses indicate that Plaintiff intentionally provided dishonest answers to the Court when he initiated this suit. Plaintiff is in fact an experienced and prodigious jailhouse litigator. As this Court observed in its Order of October 5, 2010, Plaintiff has filed numerous civil actions in federal court, primarily in the Northern District of Georgia. These actions include at least six that were dismissed pursuant to 28 U.S.C. § 1915 for frivolity, malice, or failure to state a claim. In one of those cases dismissed as frivolous, the court observed that Plaintiff had filed "at least twenty-nine prisoner civil actions" in the Northern District, including prior claims that he had been denied a diet free of cold cuts. Nasa v. Fulton County Jail, 1:09-CV-03430-TWT (N.D.Ga., Jan. 11, 2010).

Plaintiff's knowing failure to disclose his extensive record of prior litigation is an abuse of process that warrants the dismissal of this case. Courts in this circuit have dismissed prisoner lawsuits where the plaintiff failed to disclose prior litigation related to conditions of confinement. In one unreported decision, the Eleventh Circuit found that a district court did not abuse its discretion in dismissing such a suit for abuse of judicial process, explaining that under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." Redmon v. Lake County Sheriff's Office, 2011 WL 476601 *4 (11th Cir., Feb. 10, 2011) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir.1997)). In this case, as in

Redmon, Plaintiff's failure to disclose his litigation evidences such bad faith and manipulation and warrants dismissal.

Plaintiff has had notice and an opportunity to explain in writing why his false response was not an abuse of process. In his Response to the Motion to Dismiss, Plaintiff contends that the omission was an "unintentional mistake" and that it was "immaterial." Doc. 11, p. 1. Given Plaintiff's long experience as a jailhouse litigator, the Court cannot give credit to his contention that the omission was unintentional. In light of the "three strikes" provisions of 28 U.S.C. § 1915(g), and the fact that Plaintiff's prior lawsuits were filed in another district, the omission is highly material. The subsequent disclosure of Plaintiff's history through this Court's own research, undisputed by Plaintiff in his response to the Motion to Dismiss, does not cure the wrong. To allow Plaintiff to "acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process." Hood v. Tompkins, 197 Fed. Appx. 818, 819 (11th Cir., August 7, 2006).

## CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** and that this action be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 27th day of June, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge